Revised January 12, 2001

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 99-11142**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**JAMES SLAUGHTER, also known as James Bernard Salone,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
For the Northern District of Texas
_____

December 8, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:

This Court initially addressed the issues raised on this appeal with a per curiam unpublished opinion filed under date of August 10, 2000, which affirmed the decision of the district court on all issues raised by appellant.  A copy of this original unpublished opinion is attached to this opinion as Attachment A. Appellant timely filed a suggestion for reconsideration en banc

which was denied. Appellant also filed a petition for panel rehearing on the grounds that the recent decision of the United States Supreme Court in *Apprendi v. New Jersey*, ___ U.S. ___, 120 S. Ct. 2348 (2000), overruled the two Fifth Circuit decisions on which this Court relied in rejecting Slaughter's issue no. VI. As set forth in appellant's original brief, issue no. VI read as follows:

> VI.  Whether Slaughter's convictions must be reversed because the jury was not required to find the quantity of drugs as an element of each of the charged offenses; or, alternatively, if quantity is only an element of the aggravated offenses described in 21 U.S.C. § 841(b)(1)(A)&(B), whether Slaughter's sentence must be vacated, and this case remanded for resentencing?

By Order entered October 13, 2000, we granted appellant's motion for rehearing and withdrew the original per curiam opinion. Having now considered the supplemental briefs filed by the parties, we take the following action:

1.  We reinstate the entirety of the original opinion as set forth in Attachment A except for the final paragraph, which is deleted.

2.  In the balance of this opinion, we address the issues presented by appellant in his supplemental brief as to impact of the Supreme Court decision in *Apprendi* on the convictions and sentences rendered against appellant for violations of 21 U.S.C. §§ 841(a) and (b), 846, and 860(a).

2

Appellant's first contention is that *Apprendi* has "worked a sea change in the law" which renders the statutes under which Slaughter was convicted "unconstitutional on their face." We disagree. The statutory provisions at issue in *Apprendi* were statutes of the State of New Jersey and nothing in the majority opinion nor even in the concurring and dissenting opinions in *Apprendi* makes reference in any way to the statutory provisions of the United States Code under which appellant has been convicted and sentenced. We see nothing in the Supreme Court decision in *Apprendi* which would permit us to conclude that 21 U.S.C. §§ 841(a) and (b), 846, and 860(a) are unconstitutional on their face.

Appellant's second contention on panel rehearing is that his convictions and sentences under counts 1, 4, and 13 in the indictment in this case are unconstitutional under the rule of *Apprendi* as applied to this case. We disagree. Since the Supreme Court's decision in *Apprendi*, our Court has issued three opinions addressing the applicability of *Apprendi* on direct appeal to convictions and sentences under the Controlled Substances Act. In *United States v. Meshack*, 225 F.3d 556 (5th Cir. 2000), we acknowledged that "*Apprendi* does not clearly resolve whether an enhancement which increases a sentence within the statutory range but which does not increase the sentence beyond that range must be proved to the jury." Given the potentially "profound effect" which such a broad rule would have on existing precedent, however, we

3

determined that a more "limited reading" of *Apprendi* should be employed in that case. That more limited construction of *Apprendi* provided that only those facts which would increase the penalty for a crime beyond the prescribed statutory maximum sentence for the crime charged and proven to the jury must be treated as essential elements of the offense, and therefore, submitted to the jury and proven beyond a reasonable doubt. *Id.* at 576 & nn.17,18. The Court then reviewed the defendants' claims for plain error. *Id*. at 577-78. Given the government's concession that the *Apprendi* principles applied to defendant Meshack's convictions and current life sentences under the controlled Substances Act, we vacated Meshack's two life sentences and remanded to the district court for appropriate proceedings consistent with that opinion. *Id*. at 578.

In *United States v. Doggett*, 230 F.3d 160 (5th Cir. 2000), we addressed the question left unanswered in *Meshack* as to "whether drug quantities under § 841(b) are sentencing factors or elements of the offense." *Id*. at 164. We held that § 841(b) "defines the applicable penalties for violations of § 841(a) based on the type and quantity of drug, previous convictions, and whether death or serious bodily injury resulted from the use of the drug." *Id*. Accordingly, we held that "if the government seeks enhanced penalties based on the amount of drugs under 21 U.S.C. §§ 841(b)(1)(A) or (B), the quantity must be stated in the indictment and submitted to a jury for finding of proof beyond a

4

reasonable doubt." *Id*. at 164-65. The indictment in *Doggett* did not charge a specified amount of drugs and the trial judge determined by a preponderance of the evidence the quantity of drugs attributable to each defendant. We nonetheless construed the jury's guilty verdict as authorizing a sentence pursuant to the statutory range contained in § 841(b)(1)(C), which provides a maximum penalty of 20 years. Since Doggett's sentence of 235 months fell short of this statutory maximum, we held that it did not violate the *Apprendi* rules determined by the Supreme Court. Doggett's co-defendant Beman, however, received two concurrent life sentences, a sentence in excess of the statutory maximum penalty under § 841(b) (1)(C). Accordingly, we held that Beman, but not Doggett, was entitled to relief under *Apprendi*, and remanded Beman's case for resentencing in light of that case.

Finally, in *United States v. Keith*, No. 99-50692, ___ F.3d ___, 2000 WL 1532802 (5th Cir. Oct. 17, 2000), we read *Apprendi* in the light of *Meshack* and *Doggett* and held that a fact used in sentencing that does not increase the penalty beyond the statutory maximum for the crime charged and proven need not be alleged in the indictment and proved to a jury beyond a reasonable doubt. In this case, no specific drug quantity was alleged in the indictment and the district court determined the quantity of drugs involved. Keith received a sentence of 20 years, which was affixed by the district court as the mandatory minimum sentence under

5

§ 841(b)(1)(A) for the quantity of drugs involved together with a prior felony drug conviction. Nevertheless, we held that the 20-year sentence was less than the statutory maximum sentence of 30 years under 841(b)(1)(C) with a prior felony drug conviction and therefore did not violate any of the **Apprendi** rules.

Applying these precedents to the facts here in Slaughter's case, we note first of all that each of counts 1, 4, 13, and 17 on which Slaughter was convicted contain an express allegation of the type and quantity of controlled substance involved. In addition, each count of the indictment contains the particular schedule in which that particular substance appears in 21 U.S.C. § 812, as well as a reference to both § 841(a) and the particular subparagraph of 841 (b)(1) in which the punishment for the quantity involved is stated. There is, therefore, no question whatsoever that the type and quantity of drug substance involved has been sufficiently stated in the particular counts of the indictment.

In submitting count 1 (the conspiracy count) to the jury, the district court stated that the government had to prove beyond a reasonable doubt that the defendants "reached an agreement to conspire to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a schedule 2 controlled substance." The jury's finding of guilty on this count necessarily includes a finding as to the quantity and type of controlled

6

substance involved in the conspiracy agreement. In submitting counts 4, 13, and 17 to the jury, the district judge did not state the specific quantity of cocaine base as stated in each count. This was error. Under our holdings in *Meshack*, *Doggett*, and *Keith*, it is clear that the drug quantity as alleged in each count of the indictment in this case is an element of the offense and should be expressly stated by the district court in its instructions to the jury as an element which must be found beyond a reasonable doubt. Slaughter did not make any objections to the trial court as to the absence of drug quantity in the jury instructions; and therefore we may not grant relief unless the error rises to the level of plain error. *See Neder v. United States*, 119 S. Ct. 1827, 1833-34 (1999). Moreover, even assuming such error were otherwise plain, the Supreme court has expressly held that a jury instruction that omits an element of the offense is subject to harmless error analysis. *Id*. at 1835-37. In such a case, the standard for measuring harmlessness is "whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element." *Id*. at 1839. A review of the record in this case satisfies us that the jury had the counts of indictments in the jury room during deliberations and that there was no evidence that could rationally lead the jury to a conclusion that the quantity of drugs stated in the indictment was incorrect.

For the foregoing reasons, we see no merit to Slaughter's

contentions raised on panel rehearing; and as amended by this new opinion, we reaffirm the convictions and sentences against Slaughter as set by the district court.

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-11142

Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAMES SLAUGHTER, also known as James Bernard Salone,

                                        Defendant-Appellant.

--------------------

Appeal from the United States District Court

for the Northern District of Texas

USDC No. 6:99-CR-10-1-C

--------------------

August 10, 2000


Before DAVIS, JONES, and DeMOSS, Circuit Judges.


PER CURIAM:[*]

James Slaughter appeals his jury convictions and the sentences imposed for conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 842; distribution and possession of cocaine base within 1,000 feet of a playground in violation of 21 U.S.C. §§ 841(a)(1) and 860(a) and 18 U.S.C. § 2; and two counts of distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C), and 18 U.S.C. § 2. Slaughter argues that the court reporter's failure to transcribe the jury instructions violates the Court Reporter Act, 28 U.S.C. § 753(b), and requires reversal of Slaughter's convictions. The written jury instructions are included in the appellate records. Circuit Judge Carl E. Stewart granted the Government's motion to supplement the record with affidavits of the trial attorneys and the court reporter, stating that the trial court read the jury instructions as written without any deviations. Because the written instructions are part of the record and because the above affidavits establish that the trial court read the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

instructions as written without any deviation, the court reporter's failure to transcribe the jury instructions does not require the reversal of Slaughter's convictions. See United States v. Pace, 10 F.3d 1106, 1125 (5th Cir. 1993).

Slaughter argues that the trial court erred in failing to instruct the jury on the theory of multiple conspiracies. Because Slaughter did not object to the district court's failure to instruction the jury on this theory, review is limited to plain error. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). Under Fed. R. Crim. P. 52(b), this court may correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. Calverley, 37 F.3d at 162-64 (citing United States v. Olano, 507 U.S. 725, 730-36 (1993)). If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Olano, 507 U.S. at 736. Slaughter does not argue that the evidence at trial showed that he was involved only in a separate uncharged conspiracy and not in the overall conspiracy charged in count one of the indictment; he does not dispute that the evidence presented at trial established his participation in the overall conspiracy in count one. Under such

circumstances, the district court's failure to five a jury instruction concerning multiple conspiracies was not plain error. See United States v. Castaneda-Cantu, 20 F.3d 1325, 1333 (5th Cir. 1994).

Slaughter argues that the district court erred in failing to instruct the jury that it was legally impossible for a defendant to conspire with a government agent or informant. Because Slaughter did not raise this argument in the district court, review is limited to plain error. See Calverley, 37 F.3d at 162-64. Slaughter's reliance on Sears v. United States, 343 F.2d 139, 142 (5th Cir. 1962) is misplaced. In Sears, the court held that there could be no indictable conspiracy when the only other supposed coconspirator was a government informant. Id. at 142. This case is distinguishable because the Government indicted and presented evidence at trial to establish a conspiracy existed which included Slaughter and five others who were not government agents or informants. Slaughter does not argue that the evidence was insufficient to establish the existence of the conspiracy charged in count one of the indictment.

Slaughter argues that the district court erred in enhancing his offense level by four points for his role as a leader/organizer pursuant to § 3B1.1(a) of the United States Sentencing Guidelines. Although Slaughter testified at the sentencing hearing, he did not present any evidence to rebut the facts set forth in the

Presentence Report which indicated that he was a leader/organizer of the conspiracy. The evidence established that at least twelve people sold cocaine case for Slaughter; that Slaughter recruited people to transport drugs, sell drugs, "cook" and cut up cocaine base, store cocaine base, count money, and carry out other tasks in furtherance of the conspiracy; that Slaughter used force and threats to keep the sellers in line; and that Slaughter derived substantial income which exceeded the share of the street dealers that he recruited. Slaughter has not shown that the district court clearly erred in finding that he was a leader/organizer of the conspiracy and in increasing his offense level under § 3B1.1(a). See United States v. Boutte, 13 F.3d 855, 860 (5th Cir. 1994).

Slaughter argues that the district court erred in enhancing his offense level by two points for obstruction of justice pursuant to § 3C1.1 of the Guidelines. He argues that the district court violated his due process rights and confrontation rights by considering the testimony of Drug Enforcement Administration Agent Brad Baker concerning hearsay statements at the sentencing hearing. For sentencing purposes, the district court may consider any relevant evidence, including uncorroborated hearsay statements, if the information has a "sufficient indicia of reliability to support its probable accuracy." See United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996); United States v. Gaytan, 74 F.3d 545, 558 (5th Cir. 1996). Slaughter did not present any evidence, other than his

denial at the sentencing hearing, to rebut Agent Baker's testimony that Slaughter obstructed justice by threatening a codefendant and urging others to lie or leave town. Slaughter also did not show that Agent Baker's testimony concerning the hearsay statements was materially untrue or unreliable. Therefore, he has not shown that the district court clearly erred in finding that he obstructed justice and in increasing his offense level under § 3C1.1.

Slaughter argues that the district court erred in enhancing his offense level by two points under § 2D1.1(a)(1) of the Guidelines because one offense occurred near a protected area. Because Slaughter did not raise this argument in the district court, review is limited to plain error. See Calverley, 37 F.3d at 162-64. Slaughter concedes that a two-level reduction in his offense level would not affect the applicable sentencing guideline range. If his offense level were reduced from 46 to 44, his offense level would still be treated as the maximum offense level of 43 pursuant to U.S.S.G. Ch.5, Pt. A, comment. (n.2). Because Slaughter concedes that the correction of this alleged error would not change the applicable guideline sentencing range, we decline to address the merits of this claim. See United States v. Lopez, 923 F.3d 47, 51 (5th Cir. 1991).

Slaughter argues that his conviction should be reversed because the jury was not required to find the quantity of drugs as an element of each of the charged offenses. Slaughter's argument

is foreclosed by this court's precedent.  See <u>United States v.
Rios-Quintero</u>, 204 F.3d 214, 215 (5th Cir. 2000); <u>United States v.
Watch</u>, 7 F.3d 422, 426 (5th Cir. 1993).

AFFIRMED.