**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 00-40212**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**RONALD EUGENE KELLY, also known as "Rahoo", also known
as Ronald Morrison; ALBERT JOHN LEMONS, also known
as "Tooter"; CURLEY RAY MORRISON; CHARLES RAY GENTRY, JR.,**

**Defendants-Appellants.**

_____

Appeals from the United States District Court
For the Eastern District of Texas
(4:99-CR-90)
_____

August 15, 2001

Before JONES, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This appeal, involving several appellants, arises out of a
drug conspiracy in Grayson County, Texas.  In March 1999, the Drug
Enforcement Agency ("DEA") came into Grayson County at the behest
of the local police.  The investigation utilized various
confidential informants and undercover officers and included

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

several controlled buys. Many of those transactions were recorded on audio and videotape and were concentrated in a two or three block area.

The government ultimately arrested and obtained a multi-count indictment against Defendants-Appellants Ronald Eugene Kelly, Albert John Lemons, Curley Ray Morrison, Charles Ray Gentry, Jr., and several other individuals. The indictment charged various crimes, including conspiracy to possess with intent to distribute cocaine base ("crack"), substantive acts of distribution of crack, and employment of a minor to distribute crack. The appellants entered not guilty pleas, but the jury returned guilty verdicts against all of them.

On appeal, the appellants individually raise several issues, some of which are germane to the other appellants' cases. We note the appellants' points of error in turn.

Kelly argues that there was insufficient evidence to convict him of Counts 1 and 18. Count 1 charged Kelly with conspiracy to possess with intent to distribute crack in violation of 21 U.S.C. § 846. Count 18 alleged that Kelly employed a person under the age of eighteen to distribute and possess with intent to distribute crack in violation of 21 U.S.C. § 841(a)(1). Furthermore, Kelly contends that the district court erred in its jury instructions. He asserts that the district court failed to instruct properly on multiple conspiracies, the difference between aiding and abetting

2

and actually becoming a member of a conspiracy, and the meaning of "mere presence."

Lemons also insists that there was insufficient evidence to support his convictions for Counts 1, 19, and 23. As previously noted, Count 1 charged conspiracy to possess with intent to distribute crack. Counts 19 and 23 pertained to specific substantive acts of distribution. Moreover, Lemons believes that the district court violated *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000),[1] by failing to submit to the jury two issues: 1) the amount of crack attributable to his actions and 2) whether he willfully obstructed, impeded, or attempted to obstruct or impede justice. Additionally, he appears to argue in the alternative that there was insufficient evidence to support the trial court's findings regarding the amount of drugs and that he willfully obstructed, impeded, or attempted to obstruct or impede justice. Besides those alleged points of error, Lemons contends that the district court erred by not allowing him to impeach a witness's alleged prior inconsistent statement. And he charges that the district court and the government intimidated or coerced witnesses that were to testify on his behalf and, thus, denied him his Sixth and Fourteenth Amendment rights. Lemons's kitchen-sink brief further

---

[1] *Apprendi* held that any fact, other than a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury. 120 S. Ct. at 2363-64.

3

asserts that the trial court erred in admitting certain evidence of another drug crime, which was supposedly extraneous and prejudicial. Finally, he states that the district court erred in denying his motion to sever and his motion for a bill of particulars.

Like Lemons, Morrison presents an *Apprendi* issue. He asserts that the district court erred in not submitting to the jury the amount of crack for which he was held responsible. In addition, Morrison believes that the district court erred in failing to make a finding that he had a minimal role in the drug offenses, especially the conspiracy.

The last appellant Gentry raises three specific issues. First, like Lemons and Morrison, he refers to *Apprendi*, alleging that the district court should have submitted to the jury the determination as to the amount of crack for which he was found responsible. Second, Gentry points to as error the district court's decision to admit certain allegedly extraneous evidence, which Lemons also argued was wrongly admitted. Third, he insists that the district court erred in increasing his sentencing level by two points for obstruction of justice.

Having reviewed the briefs, pertinent portions of the record, and the applicable law, we conclude that the district court did not commit reversible error. Specifically, we find that there was sufficient evidence to support the appellants' convictions and

4

sentences. Moreover, the district court did not err in its jury instructions or in its determinations under the sentencing guidelines. As for the appellants' *Apprendi* claims, we note that either *Apprendi* does not apply to the facts of the appellants' cases or the error was harmless. *See* **United States v. Slaughter**, 238 F.3d 580, 583-84 (5th Cir. 2001). Furthermore, we believe that any error in admitting the allegedly extraneous evidence was ultimately harmless. Nor do we conclude that the district court improperly limited Lemons's right to cross-examine one of the government's witnesses or that the district court and the government denied him his Sixth and Fourteenth Amendment rights. Finally, the district court did not abuse its discretion or commit any reversible error in denying Lemons's motion to sever and his motion for a bill of particulars. Accordingly, the appellants' judgments of conviction and sentences are

**AFFIRMED.**

5