Roland E. Dahlin, II, Federal Public Defender, Arturo Villarreal, III, Molly E. Odom, Federal Public Defender's Office, Houston, TX, for Defendant-Appellant.

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM.*

Benito Vasquez–De La Vega ("Vasquez") pleaded guilty to illegal reentry following deportation, a violation of 8 U.S.C. § 1326. Vasquez raises two issues that he concedes are foreclosed, but he seeks to preserve them for further review.

Vasquez first argues that his prior conviction for possession of a controlled substance is not an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C) (November 1, 2001). This argument is foreclosed by our decision in *United States v. Caicedo–Cue-*

ro, 312 F.3d 697, 705–11 (5th Cir.2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 1948, 155 L.Ed.2d 864 (2003).

Vasquez also argues that the sentencing provisions of 8 U.S.C. § 1326(b)(1) & (b)(2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Vasquez's argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 239–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *Apprendi* did not overrule Almendarez–Torres. *See Apprendi*, 530 U.S. at 489–90; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000).

AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Manuel GONZALEZ, also known as
Miguel Castaneda, Defendant–
Appellant.**

**No. 02–21032.
Conference Calendar**

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 2003.

James Lee Turner, Assistant US Attorney, US Attorney's Office, Houston, TX,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mark Michael Dowd, US Attorney's Office, Brownsville, TX, for Plaintiff-Appellee.

Roland E. Dahlin, II, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office, Houston, TX, for Defendant-Appellant.

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM.*

Manuel Gonzalez appeals his guilty plea conviction for conspiracy to possess with intent to distribute five kilograms re of cocaine. Gonzalez argues that 21 U.S.C. §§ 841(a) and (b) were rendered facially unconstitutional by *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Gonzalez concedes that his argument is foreclosed by our opinion in *United States v. Slaughter*, 238 F.3d 580, 581–82 (5th Cir.2000) (revised opinion), *cert. denied*, 532 U.S. 1045, 121 S.Ct. 2015, 149 L.Ed.2d 1015 (2001), which rejected a broad *Apprendi*-based attack on the constitutionality of that statute. He raises the issue only to preserve it for Supreme Court review. A panel of this court cannot overrule a prior panel's decision in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). No such decision overruling *Slaughter* exists. Accordingly, Gonzalez's argument is foreclosed.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.