United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-21355
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH LEE HOWARD; CORDELL HORACE BAUSLEY,
LLOYD BATTLES, also known as Lloyd Richardson,

Defendants-Appellants.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-373-2
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Joseph Lee Howard, Cordell Horace Bausley, and Lloyd Battles appeal their convictions and sentences for conspiracy (count one) and possession with intent to distribute more than 50 grams of crack cocaine and aiding and abetting (count two). 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. § 2. Howard argues that the Government offered insufficient evidence of his guilt of the aiding and abetting portion of count two. However, Howard's actions and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

admissions sufficiently showed that he associated with Bausley and Battles in a criminal venture involving more than 400 grams of crack cocaine, that he voluntarily participated in the venture, and that he sought by his actions to make the venture succeed. See United States v. Fierro, 38 F.3d 761, 768 (5th Cir. 1994). Thus, the evidence was sufficient to support Howard's conviction for aiding and abetting possession with intent to distribute 50 grams or more of crack cocaine. See United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000).

Bausley argues that the evidence was insufficient to support his convictions on both the conspiracy charge and the substantive charge of possession with intent to distribute. The evidence showed that Bausley agreed with Howard to participate in the distribution of more than 50 grams of crack cocaine and that both parties voluntarily joined and participated in the conspiracy. See United States v. Garcia Abrego, 141 F.3d 142, 155 (5th Cir. 1998). The evidence at trial was thus sufficient to support Bausley's conspiracy conviction as well as the aiding and abetting portion of count two. Because co-conspirators may be liable for the substantive offenses committed by other members of the conspiracy in furtherance of the common plan, and because Bausely's sale of the $20 sample to the Government's confidential source showed constructive possession, the evidence was sufficient to support his conviction for possession with intent to distribute. See United States v. Lopez, 979 F.2d 1024, 1031 (5th Cir. 1992).

2

Howard and Bausley argue that the district court erred when it refused to instruct the jury on the issue of entrapment. Neither Howard nor Bausley has made an adequate showing of either "(1) his lack of predisposition to commit the offense [or] (2) some governmental involvement and inducement more substantial than simply providing an opportunity or facilities to commit the offense." See United States v. Gutierrez, 343 F.3d 415, 419 (5th Cir. 2003)(internal quotation marks and citation omitted). Neither Bausley nor Howard has presented "substantial evidence that it was the Government that was responsible for the formation of [their] intent to join the conspiracy." United States v. Ogle, 328 F.3d 182, 187-88 (5th Cir. 2003). Thus, there was no basis for the requested instruction. Id.

Howard argues that the district court erred in assessing, pursuant to U.S.S.G. § 2D1.1(b)(1), a two-level increase in his sentencing guideline range for possession of a weapon. Special agents located a total of 12 loaded firearms inside Battles' house, where the drug transaction was to occur, as well as two-way radios, cellular phones, more than $25,000 in cash, surveillance cameras, and a bullet proof-vest. Also inside the house were 500.1 net grams of powder cocaine as well as the crack cocaine the defendants were planning to sell to the confidential source. The weapons were connected to the drug operation and were foreseeable to Howard based on his admitted employment by Battles and his presence outside the house when trying to help complete the transaction.

See United States v. Gaytan, 74 F.3d 545, 559 (5th Cir. 1996).

Howard's argument that he should have received a decrease in his offense level for his minor or mitigating role is unavailing. The record contains sufficient evidence to show that Howard was more than peripheral in the crack cocaine distribution conspiracy. He admitted he was paid by Battles to find out what the confidential source wanted, to negotiate a price, and bring the confidential source to the house. His phone calls with Bausley also indicate that his involvement was more than peripheral. Thus, the district court's finding that Howard was not a minor or minimal participant was plausible in light of the record as a whole, and it did not clearly err in refusing a U.S.S.G. § 3B1.2 adjustment. See United States v. Miranda, 248 F.3d 434, 446-47 (5th Cir. 2001).

Battles' argument that 21 U.S.C. §§ 841(b) and 846 are unconstitutional on their face in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), is foreclosed by this court's opinion in United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).

AFFIRMED.