United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20363
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONEL FERNANDO GOMEZ-GALICIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-653-1
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Leonel Fernando Gomez-Galicia appeals his guilty-plea
conviction and sentence for possession with intent to distribute
heroin and importation of heroin.  He argues:  (1) that the
district court erred in denying him a reduction in his total
offense level based on his minor role in the offense and (2) that
21 U.S.C. §§ 841, 952 and 960 are facially unconstitutional in
light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Gomez
concedes that his second argument is foreclosed but nevertheless

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

raises the issue to preserve it for possible Supreme Court review.

The district court did not clearly err in determining that Gomez was not entitled to a minor role reduction pursuant to U.S.S.G. § 3B1.2(b).  See United States v. Zuniga, 18 F.3d 1254, 1261 (5th Cir. 1994).  Gomez did not demonstrate that he was peripheral to the advancement of the illicit activity.  See United States v. Miranda, 248 F.3d 434, 446-47 (5th Cir. 2001).

Gomez's argument regarding the constitutionality of the statutes of conviction is foreclosed by this court's decision in United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).  Accordingly, the judgment of the district court is AFFIRMED.