United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40015
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNESTO HERRERA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-00-CR-65-1
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ernesto Herrera was convicted of possession with intent to distribute 1,230 kilograms of marijuana and was sentenced to 120 months of imprisonment and a five-year term of supervised release. Finding that counsel had rendered ineffective assistance by failing to file a direct appeal on Herrera's behalf, the district court granted Herrera leave to file an out-of-time appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In Herrera's sole issue on appeal, he argues that 21 U.S.C. § 841 is facially unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), because the statute's structure treats drug types and quantities as sentencing factors. Herrera concedes that his argument is foreclosed by <u>United States v. Slaughter</u>, 238 F.3d 580, 582 (5th Cir. 2000), but he raises the issue in order to preserve it for possible Supreme Court review.

Herrera also requests that his case be remanded to the district court for an evidentiary hearing on his ineffective-assistance claims. Those claims were raised by Herrera in a 28 U.S.C. § 2255 proceeding, but review of those claims was previously pretermitted by this court. Herrera has failed, however, to squarely present those claims on direct appeal and they are thus not properly before this court. Nor is the record adequately developed so as to permit this court to address any such claims in this appeal. <u>See</u> <u>United States v. Haese</u>, 162 F.3d 359, 363-64 (5th Cir 1998).

AFFIRMED.