United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 23, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

———————————

No. 03-41170
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA ORALIA LOZANO-TAMEZ,

Defendant-

Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-03-CR-277-1
-----------------------------------------------------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judge.

PER CURIAM:[*]

Maria Oralia Lozano-Tamez (Tamez) pleaded guilty to one count of possession with intent

to distribute more than 100 grams of black tar heroin in violation of 18 U.S.C. §§ 2, 841(a)(1),

(b)(1)(B). She argues that the district court erred when it denied a mitigating role reduction and that

21 U.S.C. §§ 841, 952 and 960 are facially unconstitutional in light of Apprendi v. New Jersey, 530

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S. 466 (2000). Tamez concedes that her second argument is foreclosed but nevertheless raises the issue to preserve it for possible further review.

Contrary to her argument on appeal, Tamez's role in the offense was more than that of a mere courier. Tamez packaged and transported the heroin from Mexico, met with the confidential source once before another meeting with the confidential source and the undercover prospective buyer, stayed overnight with the drugs, and informed the undercover agent that she could deliver additional amounts of heroin. Considering her role in the offense, it cannot be said that Tamez was "peripheral to the advancement" of the illicit heroin activity. See United States v. Miranda, 248 F.3d 434, 446-47 (5th Cir. 2001). The district court did not clearly err in determining that Tamez was not entitled to a minor role reduction pursuant to U.S.S.G. § 3B1.2(b). See United States v. Zuniga, 18 F.3d 1254, 1261 (5th Cir. 1994).

Tamez's argument regarding the constitutionality of the statutes of conviction is foreclosed by this court's decision in United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000). The judgment of the district court is therefore AFFIRMED.