**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gerardo VIDAL, Defendant–Appellant.**

**No. 03–41727.
Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

June 23, 2004.

James Lee Turner, Assistant U.S. Attorney, David Hill Peck, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Roland E Dahlin, II, Federal Public Defender, H Michael Sokolow, Kyle Blair Welch, Federal Public Defender's Office, Houston, TX, Defendant–Appellant.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Gerardo Vidal appeals his guilty plea conviction for possession of more than 50 grams of methamphetamine with intent to distribute it. Vidal argues that 21 U.S.C. § 841 was rendered facially unconstitutional by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He concedes that his argument is foreclosed by our opinion in *United States v. Slaughter,* 238 F.3d 580, 581–82 (5th Cir.2000), which rejected a broad *Apprendi*-based attack on the constitutionality of that statute. He raises the issue only to preserve it for Supreme Court review.

A panel of this court cannot overrule a prior panel's decision in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court. *Burge v. Parish of St. Tammany,* 187 F.3d 452, 466 (5th Cir.1999). No such decision overruling *Slaughter* exists. Accordingly, Vidal's argument is indeed foreclosed. The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.