United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-41421
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN LOPEZ-CARDENAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-03-CR-452-1
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Juan Lopez-Cardenas pleaded guilty to possession of more than 100 kilograms of marijuana with intent to distribute and has appealed his sentence. Lopez was among a group of persons carrying bundles of marijuana across the United States border with Mexico. Lopez contends that he should have been sentenced on the basis of the marijuana he carried only and that his offense level should have been adjusted because he had a minor role.

Under U.S.S.G. § 2D1.1(a)(3), the base offense level for a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendant convicted of a drug offense is determined based on the quantity of drugs involved. <u>United States v. Hernandez-Coronado</u>, 39 F.3d 573, 574 (5th Cir. 1994). Under U.S.S.G. § 1B1.3(a)(1), "[t]his quantity includes both drugs with which the defendant was directly involved *and* drugs that can be attributed to the defendant in a conspiracy as part of his relevant conduct." <u>Id.</u> The district court did not clearly err in finding that Lopez was responsible for the drugs carried by the other couriers because he was engaged with them in a jointly undertaken criminal activity. <u>See</u> <u>id.</u>

Because Lopez did not carry his burden under U.S.S.G. § 3B1.2(b) of showing that he was substantially less culpable than the average participant, the district court did not clearly err in refusing to adjust Lopez's offense level because of his role in the offense. <u>See</u> <u>United States v. Brown</u>, 54 F.3d 234, 240–41 & n.7 (5th Cir. 1995).

Lopez contends that 28 U.S.C. § 841(a) & (b) is unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Lopez acknowledges that this issue is foreclosed by <u>United States v. Slaughter</u>, 238 F.3d 580, 582 (5th Cir. 2000). He raises the issue to preserve it for possible further review.

AFFIRMED.