United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20114
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENITO MANCILLA REAL,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CR-426-ALL
---------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Benito Mancilla Real appeals from his conviction of possession with intent to distribute methamphetamine. He contends for the first time on appeal that 21 U.S.C. § 841 is unconstitutional because Congress and the federal courts intended for drug amounts to be a sentencing factor and not elements of separate offenses, a scheme rendered unconstitutional by Apprendi v. New Jersey, 530 U.S. 466 (2000). Real concedes that his argument is foreclosed by the caselaw of this court, but he seeks

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to preserve the issue for further review.  Real further argues that his Apprendi contention was not waived by the waiver provision in his plea agreement.

We will address Real's Apprendi contention on the merits. See United States v. Longoria, 298 F.3d 367, 370-73 (5th Cir.)(en banc), cert. denied, 537 U.S. 1038 (2002).  Apprendi did not render 21 U.S.C. § 841 facially unconstitutional.  United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).  Real has failed to show error, plain or otherwise, regarding the constitutionality of 21 U.S.C. § 841.  See FED. R. CRIM. P. 52(b).

AFFIRMED.