United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30433
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

DOYLE STEVEN DODD,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Middle District of Louisiana
(3:02-CR-110-2-C)
---------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Defendant-Appellant Doyle Steven Dodd appeals his conviction

and sentence for conspiracy to possess with intent to distribute

cocaine.  He argues that (1) the district court erred in finding

that he was neither a minor nor a minimal participant pursuant to

U.S.S.G.   § 3B1.2 and (2) Apprendi v. New Jersey, 530 U.S. 466

(2000), rendered 21 U.S.C. §§ 841, 846 unconstitutional.

     The record discloses that (1) Dodd drove one of three vehicles

in a three-car convoy from Houston, Texas, to Lake Charles,

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Louisiana, for a diversionary purpose; (2) on arrival in Lake Charles, Dodd transferred a bag containing five kilograms of cocaine to his vehicle for the purpose of personally transporting the drugs to Byron Robbins's home in Baton Rouge, Louisiana; (3) Dodd was personally responsible for transporting a significant amount of cocaine; and (4) Dodd informed law enforcement that he had previously accompanied Kenneth Dodd to Robbins's home to deliver narcotics. We conclude that the district court did not clearly err when it found that Dodd was neither a minimal nor a minor participant in the conspiracy, as that finding is plausible in light of the record as a whole. See U.S.S.G. § 3B1.2(a), (b) (2001); United States v. Virgen-Moreno, 265 F.3d 276, 296 (5th Cir. 2001).

Dodd concedes that the issue whether Apprendi rendered 21 U.S.C. §§ 841, 846 unconstitutional is foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), and that he raises it only to preserve its further review by the Supreme Court. We are bound by our precedent, absent an intervening Supreme Court decision or a subsequent en banc decision. See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999).
AFFIRMED.