United States Court of Appeals
Fifth Circuit

**F I L E D**

December 3, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

**No. 03-20284
Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**NHUT HINH DO; JOHN HOANG,**

**Defendants-Appellants.**

---

**Appeal from the United States District Court
for the Southern District of Texas
(H-02-CR-366-2)**

---

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Nhut Hinh Do and John Hoang were convicted of possession with intent to distribute methylenedioxymethamphetamine (MDMA; commonly known as "Ecstasy"). Do was sentenced to 120 months' imprisonment; Hoang, to 240 months.

In separate briefs, Do and Hoang present numerous issues contesting their convictions and sentences. Each seeks to adopt and incorporate the contentions raised by the other. An appellant is not permitted, by mere reference, to raise fact-specific

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenges to his own conviction or sentence. *See United States v. Alix*, 86 F.3d 429, 434 n.2 (5th Cir. 1996). Because the sentencing challenges raised by Do and Hoang are fact-specific, such adoption is not permitted. *See id*. They are, however, permitted under FED. R. APP. P. 28(i) to adopt by reference non fact-specific challenges to their convictions, because the contentions apply to both.

Appellants claim that, during closing argument, the Government violated *Bruton v. United States*, 391 U.S. 123 (1968) (violation of confrontation right, at joint trial, where one defendant's extrajudicial statement used to implicate another defendant and first defendant did not testify). After reviewing the record, we have determined: if a violation of *Bruton* occurred, it was harmless as to each defendant in the light of the other evidence. *See United States v. Kelly*, 973 F.2d 1145, 1150 (5th Cir. 1992). In this regard, Do contends the evidence showed he thought he possessed steroids. The Government was required to show only that Do knowingly possessed a controlled substance. *See United States v. Gamez-Gonzalez*, 319 F.3d 695, 699-700 (5th Cir. 2003). Anabolic steroids are a controlled substance. *See* 21 U.S.C. § 812(c), Schedule III(e).

Appellants claim the district court erred in refusing to instruct the jury that testimony discussing an unrecorded incriminating statement should be disregarded unless the statement was corroborated and that an involuntary confession should be

2

disregarded.  The refusal was not an abuse of discretion. *See* ***United States v. Morales***, 272 F.3d 284, 289 (5th Cir. 2001).

Hoang challenges the district court's deciding he was responsible for 6000 grams of MDMA.  He contends evidence set forth in the Presentence Investigation Report (PSR) that linked him to 60,000 MDMA tablets (equivalent to 6000 grams) is uncorroborated and, hence, should not be considered in determining his sentence. Hoang has not shown the district court's consideration of uncorroborated statements was clear error.  *See* ***United States v. Slaughter***, 238 F.3d 580, 585 (5th Cir. 2000), *cert. denied*, 532 U.S. 1045 (2001).

Hoang also contends the district court improperly relied on suppressed evidence at sentencing.  "The exclusionary rule applicable to Fourth Amendment violations is generally inapplicable to the district court's consideration of evidence for purposes of sentencing."  *See* ***United States v. Robins***, 978 F.2d 881, 891 (5th Cir. 1992).

Hoang further contends the 60,000 MDMA tablets do not fall within the definition of "relevant conduct".  Hoang has not shown the district court clearly erred in its determination that his relevant conduct encompassed 6000 grams of MDMA.  *See* U.S.S.G. § 1B1.3(a)(2); ***United States v. Wall***, 180 F.3d 641, 644 (5th Cir. 1999).

Noting the trial testimony of the Government's chemist, Hoang submits the jury's determination that he was responsible for 1235 grams of MDMA is "too high". Hoang's contention is inapposite because his sentence was determined by facts pertaining to his relevant conduct, which were reported in the PSR. Moreover, Hoang has pointed to no evidence of record that any of the 60,000 MDMA tablets did not contain MDMA. Hoang has not shown the PSR was inaccurate. He has, therefore, not shown the district court committed clear error. *See* **United States v. Lage**, 183 F.3d 374, 383 (5th Cir. 1999).

Hoang contends the district court erred in increasing his offense level by two, pursuant to U.S.S.G. § 2D1.1(b)(1), for possession of a firearm. In a jointly undertaken criminal activity, relevant conduct includes all reasonably foreseeable acts and omissions of others involved in the activity. U.S.S.G. § 1B1.3(a)(1)(B). A firearm was possessed by a fellow participant in the MDMA distribution scheme. Hoang has failed to show clear error. *See* **United States v. Ortiz-Granados**, 12 F.3d 39, 43 (5th Cir. 1994).

Hoang maintains the district court erred in applying a four-level increase for his role in the offense, under U.S.S.G. § 3B1.1(a), because: the Government did not prove five or more people participated in the MDMA organization; and the trial evidence did not show he enjoyed the bulk of the fruits of the MDMA

distribution scheme. Hoang has not shown the PSR was inaccurate with respect to facts supporting an adjustment for his leadership role. Hoang has, therefore, not shown clear error. *See **Lage***, 183 F.3d at 383.

Do contends the district court erred in sentencing him based on 1000 grams of MDMA. He claims statements supporting his sentence were uncorroborated and contends tablets not seized should not be considered in calculating his sentence. Do has not shown the district court erred in considering uncorroborated statements. *See **Slaughter***, 238 F.3d at 585. Nor has he shown the PSR was inaccurate regarding the quantity of MDMA attributed to him. Do has, therefore, not shown clear error. *See **Lage***, 183 F.3d at 383.

Do also asserts the district court erred in increasing his offense level by two for obstruction of justice, pursuant to U.S.S.G. § 3C1.1. He contends his testimony at the suppression hearing did not constitute perjury because it was not intended to mislead or to deceive. The district court's finding that Do obstructed justice by falsely testifying regarding a crucial event linking him to the offense was plausible in light of the record as a whole and, therefore, was not clearly erroneous. *See **United States v. Powers***, 168 F.3d 741, 752 (5th Cir. 1999), cert. denied 528 U.S. 945 (1999).

*AFFIRMED*