United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-31006
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ERIC WAYNE HAWKINS,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-CR-194-1
---------------------

Before SMITH, EMILIO M. GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Eric Wayne Hawkins appeals his drug-related convictions and
sentences for violating 21 U.S.C. § 841(a). He argues that his
sentences violated <u>United States v. Booker</u>, 125 S. Ct. 738
(2005), that the district court erred in refusing to allow him to
recall a Government witness, that the district court erred in
enhancing his sentence based upon a prior 1993 state conviction
in which the state judge also served as a prosecutor, and that 21
U.S.C. § 841(a), (b) are unconstitutional in light of <u>Apprendi v.</u>

---
[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

New Jersey, 530 U.S. 466 (2000). As Hawkins concedes, his last argument is foreclosed by United States v. Slaughter, 238 F.3d 580 (5th Cir. 2000), but he nevertheless raises the issue to preserve it for further review.

In violation of 21 U.S.C. § 841(a), Hawkins was convicted of one count of distributing 50 grams or more of cocaine base and a substance containing a detectable amount of cocaine (Count 2 of the indictment) and one count of distributing five grams or more but less than 50 grams of cocaine base (Count 3 of the indictment). With respect to Count 2 of the indictment, he received a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A) because the Government had shown, pursuant to 21 U.S.C. § 851(a), that he had two prior convictions for felony drug offenses. The life sentence imposed was therefore not made pursuant to the federal sentencing guidelines and, pursuant to Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), and Booker, 125 S. Ct. at 756, prior convictions are considered sentencing factors that need not be proven to a jury or admitted by the defendant. Accordingly, there was no Sixth Amendment violation with respect to Hawkins's sentence for Count 2.

With respect to Count 3, it was error to determine Hawkins's base offense level based upon additional drug amounts that were not proven to the jury or admitted by him. Booker, 125 S. Ct. at 756. The error was harmless, however, because Hawkins's total offense level was ultimately determined based upon the jury's

determination that he had distributed five or more but less than 50 grams of cocaine base and the district court's determination that he had two prior convictions for felony drug offenses, which, pursuant to 21 U.S.C. § 841(b)(1)(B), exposed him to a maximum term of life imprisonment, and, pursuant to United States Sentencing Guidelines § 4B1.1, made him a career offender and subject to a base offense level of 37. Because his sentence was ultimately based upon his prior convictions, which, pursuant to Almendarez-Torres, did not violate Booker, and a determination that he was a career offender, which, pursuant to United States v. Guevera, 408 F.3d 252, 261 (5th Cir. 2005), did not violate Booker, any error in calculating his original base offense level based upon drug amounts not proven to the jury or admitted by Hawkins was harmless. See United States v. Akpan, 407 F.3d 360, 377 (5th Cir. 2005); United States v. Pineiro, ___ F.3d ___, No. 03-30437, 2005 WL 1189713 at *2 (5th Cir. May 20, 2005).

Given that Hawkins had ample opportunity and time to impeach the Government witness during his cross-examination of that witness, he has not shown that the district court abused its discretion in not allowing him to recall the witness in his case-in-chief. See United States v. James, 510 F.2d 546, 551 (5th Cir. 1975); United States v. Masat, 948 F.2d 923, 933 (5th Cir. 1992). Finally, Hawkins cannot challenge the 1993 state conviction that was alleged in an information filed by the Government pursuant to 21 U.S.C. § 851(a) and used to enhance his

federal sentence because the prior conviction occurred more than five years before the date of the information filed by the Government.  See 21 U.S.C. § 851(e); United States v. Gonzales, 79 F.3d 413, 426-27 (5th Cir. 1996).

AFFIRMED.