United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41129
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARREL LYNN COWAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-865-1
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Darrel Lynn Cowan pleaded guilty to one count of importing
marijuana into the United States in violation of 21 U.S.C.
§§ 952 and 960(a), (b).  The district court sentenced him to 46
months in prison, and Cowan now appeals.

Cowan concedes that his argument that the statutes under
which he was convicted are unconstitutional because they treat
drug quantity as sentencing factors rather than elements of the
offense is foreclosed by United States v. Slaughter, 238 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

580, 582 (5th Cir. 2000). He raises it only to preserve it for further review.

Cowan also contends that his sentence is unconstitutional in light of the rule announced in United States v. Booker, 125 S. Ct. 738 (2005), because the district court imposed the sentence pursuant to the then-mandatory Federal Sentencing Guidelines, which Booker rendered advisory. We review for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Imposition of a sentence under the former mandatory guideline regime constitutes error that is plain, i.e., obvious. See United States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir. 2005).

We reject Cowan's argument that such error is structural or presumptively prejudicial with respect to whether the error affects substantial rights, and we employ the same analysis set forth in Mares. See id. at 601. As there is no indication in the record that the district court would have given Cowan a lower sentence under an advisory system, Cowan cannot demonstrate that any error in the mandatory application of the Guidelines affected his substantial rights. See id.

For the foregoing reasons, the judgment of the district court is AFFIRMED.