United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40170
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICKY M. MORENO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(1:04-CR-623-1)
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges

PER CURIAM:[*]

Defendant-Appellant Vicky M. Moreno appeals her conviction and sentence of 37 months of imprisonment following her guilty-plea conviction for possession with intent to distribute "approximately 44.52 kilograms" of marijuana. The district court arrived at Moreno's sentence after determining that Moreno possessed an equivalent of 64.57 kilograms of marijuana, a fact neither admitted by Moreno nor found by a jury beyond a reasonable doubt.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Moreno challenged the drug quantity found by the court, arguing that such judicial fact-finding violated Blakely v. Washington, 124 S. Ct. 2531 (2004). Blakely reaffirmed the rule that "'[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.'" Blakely, 124 S. Ct. at 2536 (quoting Apprendi v. New Jersey, 530 U.S. 466 (2000)).

After Moreno was sentenced, the Supreme Court issued its decision in United States v. Booker, 125 S. Ct. 738 (2005), applying its holding in Blakely to the Federal Sentencing Guidelines. As the district court enhanced Moreno's sentence based on its factual determination, other than the fact of a prior conviction, the district court committed legal error under Booker.

Moreno preserved her argument by raising it in the district court. Ordinarily, when a defendant presents a preserved Booker issue, we vacate the sentence and remand, unless the government can demonstrate that the error was harmless beyond a reasonable doubt. United States v. Pineiro, 410 F.3d 282, 284-85 (5th Cir. 2005). Here, the government has waived argument with respect to harmless error. Accordingly, the government cannot demonstrate harmless error, and Moreno's sentence must be vacated and remanded for resentencing. In light of this conclusion, we need not reach Moreno's claim that her sentence must be vacated because she was

2

sentenced under a mandatory application of the guidelines. <u>See</u> <u>United States v. Akpan</u>, 407 F.3d 360, 377 n. 62 (5th Cir. 2005).

Moreno also argues that 21 U.S.C. § 841 is facially unconstitutional in light of <u>Apprendi</u>, because the statute's structure treats drug types and quantities as sentencing factors. Moreno concedes that his argument is foreclosed by <u>United States v. Slaughter</u>, 238 F.3d 580, 582 (5th Cir. 2000), but raises the issue to preserve it for possible Supreme Court review.

VACATED AND REMANDED.