# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2011

No. 10-30299
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENNETH GARY WASHINGTON, also known as Kenny Washington,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CR-20084-12

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Kenneth Gary Washington appeals the life sentence imposed following his jury trial conviction for Count One of a multi-count indictment that charged him with a drug trafficking conspiracy involving more than "5 kilograms [of] cocaine and marijuana" in violation of 21 U.S.C. §§ 846(a) and 841(b)(1)(A).  Specifically, he argues that the jury verdict was ambiguous with respect to how much of either drug the jury found to be involved in the conspiracy and that his sentence for that offense therefore could not exceed the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

lowest of the potentially applicable statutory maximums.  He contends that, because the verdict is ambiguous, it could be interpreted to mean that the jury convicted him of conspiring to distribute 50 kilograms or less of marijuana and no amount of cocaine.

As Washington concedes, because the argument he raises on appeal was not raised before the district court, our review is for plain error.  *See United States v. Arnold*, 416 F.3d 349, 357 (5th Cir. 2005).  To show plain error, Washington must show that the error was clear or obvious and affects his substantial rights.  *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'"  *Id.*

Generally, "[a] jury verdict in a criminal case is ambiguous if the defendant is charged with a multiple-drug conspiracy and the jury verdict does not specify whether the jury found the defendant guilty with respect to some or all of the drugs."  *United States v. Carbajal*, 290 F.3d 277, 288 (5th Cir. 2003) (citing *United States v. Cooper*, 966 F.2d 936, 940 (5th Cir. 1992)).  In that situation, the sentencing court "is limited to imposing a sentence that does not exceed the maximum penalty under the statute providing the least severe punishment."  *Cooper*, 966 F.2d at 940.  In *United States v. Green*, 180 F.3d 216, 225 (5th Cir. 1999), we clarified, however, that a general verdict for a conspiracy with more than one object-offense is not "ambiguous ipso facto."  Thus, "even where there is a conspiracy general verdict, the sentencing court can still conclude that the jury found, beyond a reasonable doubt, guilt for more than just one object-offense."  *Id.* at 226.

Relatedly, drug types and quantities that the government intends to rely on to seek penalty enhancements under § 841(b)(1)(A) or (B) must be charged in the indictment, submitted to the jury, and proved beyond a reasonable doubt.  *See United States v. Slaughter,* 238 F.3d 580, 582-83 (5th Cir. 2000).  In the

context of a drug trafficking conspiracy, the government must prove the drug types and quantities involved with the conspiracy as a whole. *See United States v. Turner*, 319 F.3d 716, 722 (5th Cir. 2003).

There was overwhelming and uncontroverted evidence before the jury that the charged conspiracy distributed both cocaine and marijuana and that it involved more than five kilograms of cocaine. Accordingly, there was no reversible plain error with respect to the district court's finding that the statutory maximum term of imprisonment for Count One of Washington's indictment was life in prison. *See United States v. Cotton*, 535 U.S. 625, 633 (2002); *Green*, 180 F.3d at 227; § 841(b)(1)(A). The district court's judgment is AFFIRMED.