United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40433
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER TORRES-PEREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1531-ALL
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Javier Torres-Perez appeals his guilty-plea conviction for

illegal reentry subsequent to deportation after a conviction for

an aggravated felony, in violation of 8 U.S.C. § 1326.  He argues

that the "aggravated felony" enhancement found in 8 U.S.C.

§ 1326(b)(2) is unconstitutional in view of Apprendi v. New

Jersey, 530 U.S. 466 (2000).  He acknowledges that this argument

is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224

(1998), but states that he is raising it to preserve it for

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

possible Supreme Court review.  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  This argument is foreclosed.

Torres-Perez argues that the supervised release condition which prohibits him from possessing dangerous weapons conflicts with the district court's oral pronouncement of the sentence and must be deleted.  The Sentencing Guidelines recommend that all defendants who have been convicted of a felony be prohibited from possessing any dangerous weapon during the term of supervised release.  U.S.S.G. § 5D1.3(d)(1).  "If the district court orally imposes a sentence without stating the conditions applicable to this period of supervision, the judgment's inclusion of conditions that are mandatory, standard, or recommended by the Sentencing Guidelines does not create a conflict with the oral pronouncement."  United States v. Torres-Aguilar, 352 F.3d 934, 935-38 (5th Cir. 2003).

AFFIRMED.