United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-41016
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ALEJANDRO GARCIA RAMIREZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-89-1
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Alejandro Garcia Ramirez appeals from a jury-trial conviction for conspiracy to possess with intent to distribute and possession with intent to distribute over 50 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1),(b)(1)(C) and 18 U.S.C. § 2.

Possession

Ramirez argues that the evidence is legally insufficient to support his conviction on the possession and conspiracy counts.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because he failed to move for a judgment of acquittal with respect to this charge, the standard of review is limited to whether the record is "devoid of evidence pointing to guilt." See United States v. Herrera, 313 F.3d 882, 885 (5th Cir. 2002)(en banc).

The record reflects that Ramirez exhibited some hesitation when asked by a customs inspector about his destination, that he demonstrated no signs of nervousness when his pickup truck was being examined, that he had owned the truck for two months prior to the arrest, and that the truck contained numerous alterations, some of which were obviously recent and related to the tank in which marijuana was found. See United States v. Moreno, 185 F.3d 465, 472 n.3 (5th Cir. 1999). Accordingly, the record is not "devoid of evidence pointing to guilt." See Herrera, 313 F.3d at 885.

Conspiracy

Ramirez also argues that the evidence is insufficient to support his conviction on the conspiracy charge. Because he moved for a judgment of acquittal with respect to this charge at the close of the evidence, this court reviews his sufficiency challenge to determine "whether any reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt." United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998).

Testimony revealed that the weight of the propane tank attached to Ramirez's vehicle that contained the marijuana required five to six individuals to lift it when the tank was emptied. Moreover, from the quantity of the drugs (approximately 126 pounds or 57 kilograms) and the street value ($31,500 in Brownsville to $283,500 in Houston), it is reasonable to infer that other individuals were involved besides Ramirez. See United States v. Gutierrez-Farias, 294 F.3d 657, 661 (5th Cir. 2002). Accordingly, the evidence was sufficient to support his conspiracy conviction.

Constitutionality of 21 U.S.C. § 841

For the first time on appeal, Ramirez argues that 21 U.S.C. §§ 841(a) and (b) are facially unconstitutional under Apprendi, in that drug quantity is an element of the offense that must be presented to the trier of fact. Ramirez acknowledges that relief on this argument is foreclosed by United States v. Slaughter, 238 F.3d 580 (5th Cir. 2000), but attempts to raise the issue to preserve it for Supreme Court review.

Because Ramirez's claim was not raised in the district court, it is waived. Moreover, this Court has specifically rejected the argument that Apprendi rendered the sentencing provisions of § 841(a) and (b), facially unconstitutional. See Slaughter, 238 F.3d at 582. Thus, as Ramirez acknowledges, Slaughter applies and forecloses his argument. Accordingly, the judgment of the district court is AFFIRMED.