United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41191
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABEL MARTINEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-1093-ALL
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Abel Martinez, in reliance on United States v. Booker, 125 S. Ct. 738 (2005), contends that the district court plainly erred in sentencing him under a mandatory Federal Sentencing Guidelines system that Booker held to be unconstitutional. He contends that he is entitled to be resentenced because the error affected his substantial rights.

Plain error is the correct standard of review. United States v. Malveaux, __F.3d__, No. 03-41618, 2005 WL 1320362 at *1 n.9 (5th Cir. Apr. 11, 2005). To demonstrate plain error,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Martinez has the burden of showing an error that is obvious and that affects his substantial rights. United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). To show that the error affected his substantial rights, Martinez has the burden of demonstrating that "the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." Id. at 521. Thus, because Martinez has not shown that the district court would have imposed a different sentence, he is not entitled to relief on authority of Booker. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005).

Martinez also contends that 21 U.S.C. §§ 952 and 960(a) and (b) are unconstitutional in light of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Martinez acknowledges that his argument is foreclosed by this court's precedent, but he seeks to preserve the issue for Supreme Court review. Martinez's argument is foreclosed. See United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).

AFFIRMED.