United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 22, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-40407
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

RAMON TOMAS ORNELAS,
also known as Ramon Torres-Ornelas,

Defendant-
Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1772-1
----------------------------------------------------------------

Before WIENER, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Ramon Tomas Ornelas ("Ornelas") appeals the sentence imposed following his guilty plea conviction for possession with intent to distribute 50 grams or more of methamphetamine. Ornelas was sentenced to 262 months of imprisonment and to a ten-year term of supervised release. Ornelas argues that the two-level enhancement to his base offense level, pursuant to U.S.S.G. §

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2D1.1(b)(4), for the importation of methamphetamine is invalid under United States v. Booker, 125 S. Ct. 738 (2005). He further asserts that his sentence is invalid under Booker because he was sentenced under the assumption of a mandatory guidelines system.

The record does not support Ornelas's assertion that he did not affirmatively admit or stipulate that he had imported drugs. Ornelas signed the factual basis, in which he stipulated that he drove a Honda Accord passenger car containing methamphetamine from Mexico into the United States at the Bridge 1 port of entry in Laredo, Texas. He further stipulated that he "knowingly and intentionally possessed this methamphetamine with the intent to distribute it." Additionally, at his rearraignment Ornelas indicated under oath that the factual basis was true and that he was admitting to the facts set forth in it. Thus, because Ornelas admitted to the facts that were used to enhance his sentence, the district court did not violate his Sixth Amendment rights under Booker. See Booker, 125 S. Ct. at 750, 769. Ornelas's argument that the district court's application of the guidelines as mandatory was error also fails because Ornelas fails to show that the district court would have imposed a different sentence had the guidelines been advisory only. See United States v. Valenzuela-Quevedo, ___ F.3d ___, No. 03-41754, 2005 WL 941353 at *4 (5th Cir. Apr. 25, 2005).

Ornelas also argues that 21 U.S.C. § 841(a) and (b) is facially unconstitutional in light of Apprendi because the statute's structure treats drug types and quantities as sentencing factors. Ornleas additionally asserts that the district court erred by enhancing his sentence under 21 U.S.C. §§ 841 (b) and 851 based on his prior felony drug conviction because the fact of that conviction was not set forth in his indictment nor proved to jury beyond a reasonable doubt. Ornleas acknowledges that both of his arguments are foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th Cir.

2000), and <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235-47 (1998), respectively.

Accordingly, Ornelas's sentence is AFFIRMED.