United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41676
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ROBERTO GONZALEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1221-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:*

Juan Roberto Gonzalez appeals his guilty-plea conviction and

sentence imposed for possession with intent to distribute less

than 50 kilograms of marijuana.  He argues for the first time on

appeal that the district court plainly erred in imposing his

sentence pursuant to the then mandatory United States Sentencing

Guidelines, which were subsequently held unconstitutional in

United States v. Booker, 125 S. Ct. 738 (2005).  We review for

plain error.  United States v. Mares, 402 F.3d 511, 520-21 (5th

Cir. 2005), petition for cert. filed (Mar. 31, 2005)(No. 04-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

9517).  As Gonzalez concedes, he cannot show that the error affected his substantial rights as he cannot show that it affected the outcome of the proceedings in the district court. See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005).  The error was not structural, and prejudice is not otherwise presumed.  See id.; United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005) (citing Mares, 402 F.3d at 520-22), petition for cert. filed (July 11, 2005) (No. 05-5297).  To the extent Gonzalez argues that Mares and United States v. Bringier, 405 F.3d 310, 317 (5th Cir. 2005), petition for cert. filed (July 26, 2005)(No. 05-5535), are inconsistent with United States v. Dominguez Benitez, 124 S. Ct. 2333 (2004), one panel cannot overrule another.  See United States v. Ramirez-Velasquez, 322 F.3d 868, 876 (5th Cir. 2003).  Thus, Gonzalez has not shown reversible plain error.  See Mares, 402 F.3d at 520-21.

Gonzalez argues that the statute under which he was convicted, 21 U.S.C. § 841, is unconstitutional in view of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).  He concedes that this issue is foreclosed by this court's decision in United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), but he states that he is raising the issue to preserve it for possible Supreme Court review.  This court has specifically rejected the argument that Apprendi rendered § 841's sentencing provisions facially unconstitutional.  See United States v. Fort, 248 F.3d 475, 482-83 (5th Cir. 2001); Slaughter,

238 F.3d at 582.  This court is bound by its prior precedent on this issue.  Ramirez-Velasquez, 322 F.3d at 876.

AFFIRMED.