United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20525
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO SALAS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-149-3
---------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roberto Salas appeals his guilty-plea conviction and
sentence imposed for possession with intent to distribute 100
kilograms of marijuana and aiding and abetting in violation of 21
U.S.C. § 841 and 18 U.S.C. § 2.  He argues that 21 U.S.C. § 841
is unconstitutional in view of Apprendi v. New Jersey, 530 U.S.
466 (2000).  He acknowledges that this argument is foreclosed by
United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000),
but states that he is raising it to preserve it for possible

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Supreme Court review. The argument that <u>Apprendi</u> rendered 21 U.S.C. § 841 facially unconstitutional was rejected in <u>Slaughter</u>. We are bound by this precedent absent an intervening Supreme Court decision or a subsequent <u>en</u> <u>banc</u> decision. <u>See</u> <u>United States v. Short</u>, 181 F.3d 620, 624 (5th Cir. 1999). Therefore, this issue is foreclosed.

Salas argues that the supervised release condition which prohibits him from possessing dangerous weapons conflicts with the district court's oral pronouncement of the sentence and must be deleted. The Sentencing Guidelines recommend that all defendants who have been convicted of a felony be prohibited from possessing any dangerous weapon during the term of supervised release. U.S.S.G. § 5D1.3(d)(1). "If the district court orally imposes a sentence without stating the conditions applicable to this period of supervision, the judgment's inclusion of conditions that are mandatory, standard, or recommended by the Sentencing Guidelines does not create a conflict with the oral pronouncement." <u>United States v. Torres-Aquilar</u>, 352 F.3d 934, 938 (5th Cir. 2003).

AFFIRMED.