**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20525
Conference Calendar

_____

UNITED STATES OF AMERICA,

                          Plaintiff-Appellee,

versus

ROBERTO SALAS,

                          Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-149-3
---------------------
ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

     This court affirmed the judgment of conviction and sentence

of Roberto Salas.  United States v. Salas, No. 03-20525 (5th Cir.

Feb. 18, 2004).  The Supreme Court vacated and remanded for

further consideration in light of United States v. Booker, 125

S. Ct. 738 (2005).  See Salas v. United States, 125 S. Ct. 1111

(2005).  We requested and received supplemental letter briefs

addressing the impact of Booker.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Salas argues that he is entitled to resentencing because the district court erred under <u>Booker</u> in imposing his sentence under the then mandatory United States Sentencing Guidelines held unconstitutional in <u>Booker</u>. This court will not consider a <u>Booker</u>-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances. <u>United States v. Taylor</u>, 409 F.3d 675, 676 (5th Cir. 2005).

Salas concedes that he cannot make the necessary showing of plain error that is required by our precedent in <u>United States v. Mares</u>, 402 F.3d 511, 520 n.9 (5th Cir 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517). Moreover, this court has rejected his argument that a <u>Booker</u> error is a structural error or that such error is presumed to be prejudicial. <u>See</u> <u>Mares</u>, 402 F.3d at 520-22; <u>see</u> <u>also</u> <u>United States v. Malveaux</u>, 411 F.3d 558, 560 n.9 (5th Cir. 2005), <u>petition for cert. filed</u> (July 11, 2005) (No. 05-5297). Because he has not demonstrated plain error, "it is obvious that the much more demanding standard for extraordinary circumstances warranting review of an issue raised for the first time in a petition for certiorari, cannot be satisfied." <u>Taylor</u>, 405 F.3d at 677.

Because nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Salas's conviction and sentence.

AFFIRMED.