United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20059
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGER SALINAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CR-310-1
--------------------

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roger Salinas appeals from his convictions for conspiracy to possess with intent to distribute MDMA and aiding and abetting possession with intent to distribute MDMA.

Salinas first argues that the district court erred by not considering conduct associated with a sentence imposed prior to his commission of the instant offense to be relevant conduct. We review the district court's application of the guidelines de novo

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and its factual determinations for clear error.  See United States v. Ocana, 204 F.3d 585, 588 (5th Cir. 2000).

To be considered "relevant conduct," conduct must be "part of the same course of conduct or common scheme or plan as the offense of conviction."  U.S.S.G. § 1B1.3(a)(2) (2003).  However, conduct associated with a sentence imposed prior to the commission of the instant offense is "not part of the same course of conduct or common scheme or plan as the offense of conviction."  U.S.S.G. § 1B1.3, comment. (n.8).  We do not find this note plainly erroneous or inconsistent with the guidelines. We also are persuaded that the Presentence Report ("PSR") provided a sufficient and reliable evidentiary basis to conclude that Salinas's prior offense conduct was not part of the same course of conduct or common scheme or plan as the instant offense of conviction.  See United States v. Cabrera, 288 F.3d 163, 172 (5th Cir. 2002) (if PSR contains sufficient evidentiary basis and indicia that information is reliable, absent rebuttal evidence, district court may adopt PSR's findings without further inquiry).

Salinas also challenges, for the first time, the constitutionality of 21 U.S.C. §§ 841 and 846 in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  As Salinas concedes, his Apprendi argument is foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).

Accordingly, the judgment of the district court is AFFIRMED.