United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20059
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGER SALINAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-310-1
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed Roger Salinas's sentence following his guilty-plea convictions for conspiracy to possess with intent to distribute 3, 4 methylenedioxymethamphetamine ("MDMA") and aiding and abetting possession with intent to distribute MDMA. See United States v. Salinas, No. 04-20059 (5th Cir. Sep. 23, 2004). The Supreme Court granted Salinas's petition for a writ of certiorari, vacated our previous judgment, and remanded the case for further consideration in light of United States v. Booker, 125 S. Ct. 738

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2005).  See <u>Salinas v. United States</u>, 125 S. Ct. 1091 (2005). This court has received supplemental briefs addressing <u>Booker</u>'s impact.

Salinas contends that the district court erred by sentencing him under a mandatory application of the United States Sentencing Guidelines.  He concedes that he raised this issue for the first time in his petition for a writ of certiorari.  This court will not consider a <u>Booker</u>-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances.  <u>See</u> <u>United States v. Taylor</u>, 409 F.3d 675, 676 (5th Cir. 2005).

We first examine whether Salinas can establish plain error, for if plain error has not been shown, "it is obvious that the much more demanding standard for extraordinary circumstances, warranting review of an issue raised for the first time in a petition for certiorari, cannot be satisfied."  <u>Id.</u> at 677.  To meet plain error, Salinas must show (1) error; (2) that is plain; and (3) that affects his substantial rights.  <u>United States v. Mares</u>, 402 F.3d 511, 520 (5th Cir. 2005), <u>cert. denied</u>, --- U.S. ----, 126 S. Ct. 43 (2005).  In light of <u>Booker</u>, it is clear that the district court committed error that is plain.  To satisfy the third prong of the plain-error test, that the error affected his substantial rights, Salinas must demonstrate "that the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result."  <u>Mares</u>, 402 F.3d at n.9. Salinas contends that he can show a reasonable probability that the

district court would have imposed a lower sentence because he was truthful, cooperative, and remorseful. However, he points to no remarks by the sentencing judge that support this contention. Salinas also notes that, consistent with the Government's recommendation, he was sentenced at the bottom of the applicable guideline range. However, this contention is unavailing, as it is foreclosed by United States v. Bringier, 405 F.3d 310, 318 n.4 (5th Cir. 2005), cert. denied, --- U.S. ----, 126 S. Ct. 264 (2005). Accordingly, we find that Salinas cannot establish that the district court's error affected his substantial rights because there is "no evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." Taylor, 409 F.3d at 677.

Salinas also seeks to preserve for further review his contentions that Booker errors are structural and presumptively prejudicial. We reject these claims because they conflict with the applicable standard of review for Booker errors, as set forth in Mares. See United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir. 2005), cert. denied, --- U.S. ----, 126 S. Ct. 194 (2005).

Given that plain error has not been shown, Salinas cannot meet the more demanding extraordinary circumstances test. See Taylor, 409 F.3d at 677. Because nothing in the Supreme Court's Booker decision requires us to change our prior decision, we REINSTATE OUR JUDGMENT affirming Salinas's sentence.

AFFIRMED.