United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-20647
Summary Calendar

---

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

RICARDO CAMACHO,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-26-1
---------------------

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Ricardo Camacho appeals the sentence imposed following his guilty-plea conviction of conspiracy with intent to distribute more than five kilograms or more of cocaine and one count on the underlying possession with intent to distribute, in violation of 21 U.S.C. § 841. The district court sentenced Camacho to 96 months in prison, based on relevant-conduct drug quantity and a finding that Camacho was not a "minor" participant in the conspiracy.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Camacho contends that his sentence is illegal under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), because it was based on a drug quantity that was not alleged in the indictment and proved or admitted and because the sentence was imposed pursuant to a mandatory application of the federal sentencing guidelines. He thus alleges both "Booker" error and "Fanfan" error. See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005).

Neither a Booker nor a Fanfan error is structural error. See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005). There was no Sixth Amendment violation because Camacho's sentence was based on facts he admitted at rearraignment. See Booker, 125 S. Ct. at 756; United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005).

The Government concedes that the preserved Fanfan error is subject to review for harmless error. See Walters, 418 F.3d 461, 464. The Government fails to show beyond a reasonable doubt that the district court's error had no effect on Camacho's sentence. We therefore remand the case for the district court to decide whether resentencing is appropriate.

Camacho contends that the district court erred by refusing to reduce his offense level based on his minor role in the conspiracy. The record shows that he did more than transport the drugs, and the finding of the court is not clearly erroneous.

Camacho contends that 21 U.S.C. § 841 is facially unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466

(2000), because it treats drug type and quantity as sentencing factors instead of as elements of the offense which must be alleged in the indictment and proved to a jury. Apprendi did not render § 841 unconstitutional. United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000). Camacho concedes that his argument is foreclosed by Slaughter; he raises it only to preserve it for possible future review.

CONVICTION AFFIRMED; case REMANDED for consideration of the sentence.