United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 22, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 05-40004
Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**DANIEL MUNOZ,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Southern District of Texas
(5:04-CR-1438-ALL)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Daniel Munoz pleaded guilty to possession with intent to distribute in excess of 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841 and 851. He was sentenced to 262 months imprisonment, eight years supervised release, and a $100 special assessment.

Munoz contends the district court committed reversible error when it sentenced him under the mandatory Federal Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Guidelines held unconstitutional in *United States v. Booker*, 543 U.S. 220 (2005). Application of the guidelines as mandatory is deemed *Fanfan* error. *See United States v. Martinez-Lugo*, 411 F.3d 597, 600 (5th Cir.), *cert. denied*, 126 S. Ct. 464 (2005). When such error occurs, the Government has the burden of proving the error harmless beyond a reasonable doubt. *United States v. Walters*, 418 F.3d 461, 464 (5th Cir. 2005); *see United States v. Garza*, 429 F.3d 165, 170 (5th Cir. 2005) (calling the Government's burden "arduous" and stating this court "will ordinarily vacate the sentence and remand" where a defendant has preserved error) (internal citations omitted). As the Government implicitly concedes through its application of the harmless error standard, Munoz preserved his *Fanfan* claim in district court. *See Walters*, 418 F.3d at 463.

Munoz maintains he is entitled to resentencing because application of the Sentencing Guidelines as mandatory constituted structural error. As he concedes, however, this issue is foreclosed. *See id*. Munoz also contends the record does not disclose that the district court's error was harmless. As the Government concedes, "the record does not indicate with satisfactory clarity what sentence the judge would have imposed had he believed the guidelines to have been advisory instead of mandatory". This error is not harmless; thus, we vacate the sentence and remand for resentencing in accordance with *Booker*.

2

Munoz asserts for the first time on appeal that the district court erred in ordering him to cooperate in the collection of a DNA sample as a condition of supervised release. This claim is dismissed for lack of jurisdiction because it is not ripe for review. *See* **United States v. Riascos-Cuenu**, 428 F.3d 1100, 1101-02 (5th Cir. 2005), *petition for cert. filed*, No. 05-8662 (9 Jan. 2006). Munoz concedes his contention is foreclosed in the light of **Riascos-Cuenu**; he raises it to preserve it for further review.

Munoz also asserts for the first time on appeal that § 841 is facially unconstitutional because the penalties based on drug type and quantity set forth in § 841(b), which have been held to constitute sentencing factors rather than elements of the offense, conflict with **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and cannot be severed from the substantive portions of the statute. Munoz concedes this contention is foreclosed by **United States v. Slaughter**, 238 F.3d 580, 582 (5th Cir. 2000), *cert. denied*, 532 U.S. 1045 (2001). He raises it to preserve it for further review.

Finally, Munoz challenges for the first time on appeal the constitutionality of the treatment by §§ 841 and 851 of certain prior drug convictions as sentencing factors rather than elements of the offense that must be found by a jury in the light of **Apprendi**. As Munoz concedes, this contention is foreclosed by **Almendarez-Torres v. United States**, 523 U.S. 224, 235 (1998). Munoz contends **Almendarez-Torres** was incorrectly decided and a

3

majority of the current Court would overrule it in the light of *Apprendi*. We have repeatedly rejected such contentions because *Almendarez-Torres* remains binding. *See* **United States v. Garza-Lopez**, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). He raises the issue to preserve it for further review.

*CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING;*

*APPEAL DISMISSED IN PART FOR LACK OF JURISDICTION*