United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-21001
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BETTY OSAYANMO OGBEIDE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-434-1
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Betty Osayanmo Ogbeide (Ogbeide) appeals her sentence
following her guilty-plea convictions for possession with intent
to distribute more than 100 grams of heroin and importation of
more than 100 grams of heroin.  Ogbeide was sentenced to 70
months of imprisonment and five years of supervised release.

Ogbeide argues that the district court erred by denying her
a minor role adjustment pursuant to U.S.S.G. § 3B1.2.  This court
reviews the district court's application of the Sentencing

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines de novo and reviews factual findings for clear error. See United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005). The men who arranged Ogbeide's travel to the United States also arranged at least one prior trip, and they told her that next time she would be carrying "something" for them. Ogbeide was transporting almost one kilogram of heroin, and her role as courier was indispensable to the overall smuggling operation. Therefore, the district court did not clearly err in denying a mitigating role adjustment.

Ogbeide argues that the district court erred in ordering her to cooperate in the collection of a DNA sample as a condition of supervised release. This claim is not ripe for review. See United States v. Riascos-Cuenu, 428 F.3d 1100, 1102 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662). This portion of her appeal is dismissed for lack of jurisdiction.

Ogbeide also argues for the first time on appeal that her sentence is unconstitutional under United States v. Booker, 543 U.S. 220 (2005), because it was imposed pursuant to a mandatory application of the Sentencing Guidelines. This court reviews forfeited Booker errors for plain error. United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005). Ogbeide has established obvious error because she was sentenced under a mandatory guidelines regime. See id. To establish the third prong of plain error, she must

"point to statements in the record by the sentencing judge demonstrating a likelihood that the judge sentencing under an advisory scheme rather than a mandatory one would have reached a significantly different result."  United States v. Pennell, 409 F.3d 240, 245 (5th Cir. 2005).  Ogbeide's argument that the error is structural or presumptively prejudicial has been rejected by this court.  See United States v. Malveaux, 411 F.3d 558, 560-61 n.9 (5th Cir.), cert. denied, 126 S. Ct. 194 (2005).  Ogbeide has not pointed to any statement by the district court that suggests it would have imposed a different sentence.  The fact that Ogbeide was sentenced at the lowest end of the applicable guidelines range does not indicate that her sentence likely would have been different under advisory guidelines.  See United States v. Bringier, 405 F.3d 310, 317-18 & n.4 (5th Cir. 2005), cert. denied, 126 S. Ct. 264 (2005).

Ogbeide's final argument, raised for the first time on appeal, that 21 U.S.C. §§ 952 and 960 are unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000), is foreclosed by this court's precedent.  See United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).

AFFIRMED IN PART; DISMISSED IN PART.