United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41042
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ALFREDO EDUARDO DURAZO, also known as Alfredo Eduardo
Gonzalez Durazo,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:03-CR-85-ALL
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Alfredo Eduardo Durazo appeals his conviction and sentence

for possession with the intent to distribute more than five

kilograms of cocaine.  Durazo argues that the district court

committed reversible error under United States v. Booker, 543

U.S. 220 (2005), by sentencing him pursuant to a mandatory

application of the Sentencing Guidelines.

     The district court erred by sentencing Durazo under a

mandatory sentencing guidelines scheme.  See United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Martinez-Lugo, 411 F.3d 597, 600-01 (5th Cir. 2005) cert. denied, 126 S. Ct. 464 (2005).  Although both parties concede review is for plain error, this court determines the proper standard of review.  United States v. Molina, No. 04-40876, 2006 WL 905978 *4 (5th Cir. Apr. 4, 2006) (unpublished).  Because the issue is preserved by the Blakely objection in the district court, this court reviews for harmless error.  See United States v. Rodriguez-Mesa, 443 F.3d 397, 404 (5th Cir. 2006); United States v. Walters, 418 F.3d 461, 464 (5th Cir. 2005).  The Government has not shown beyond a reasonable doubt that the error was harmless.  See Walters, 418 F.3d at 463-64.  Accordingly, Durazo's sentence is vacated, and this case is remanded for resentencing.

Durazo argues for the first time on appeal that the statute of conviction, 21 U.S.C. § 841, is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000).  However, he concedes that this issue is foreclosed and raises it only to preserve it for further review.  The argument is foreclosed.  See United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.