**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51119
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS ANTONIO SANDOVAL-ORTIZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-2457-3
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jesus Antonio Sandoval-Ortiz was convicted by a jury of conspiracy and possession with intent to distribute cocaine and was sentenced to 120 and 60 months of imprisonment to run concurrently and five years of supervised release. Sandoval-Ortiz argues that the district court erred by allowing Officer Garcia to testify that he, Sandoval-Ortiz, knew of the cocaine. He contends that Garcia's testimony that he had no doubt that Sandoval-Ortiz knew of the cocaine told the jury what result to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reach in violation of the rules of evidence and invaded the province of the jury.

The Government argues that Sandoval-Ortiz's objection to the form of the question was insufficient to preserve the error argued on appeal and that the issue must be reviewed for plain error. Sandoval-Ortiz replies that he adequately preserved the error so that the abuse of discretion standard of review applies. He notes that he made a full objection mere minutes later outside the presence of the jury. We hold that the motion for mistrial was sufficient to preserve the issue for appeal. Contrast United States v. Pettigrew, 77 F.3d 1500, 1516 and n.14 (5th Cir. 1996) (motion to strike testimony made next day not timely to preserve objection).

This court reviews a district court's decision to admit evidence for an abuse of discretion. Any error is subject to harmless error review, which means that reversal is not required unless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction. United States v. Mendoza-Medina, 346 F.3d 121, 127 (5th Cir. 2003).

Although Garcia's testimony concerned the ultimate issue of Sandoval-Ortiz's knowing participation in the cocaine deal, Garcia did not testify that in his opinion, Sandoval-Ortiz was guilty of conspiracy or possession with intent to distribute. Rather, Garcia's testimony was that, based on what Sandoval-Ortiz did that night, Garcia had no doubt that Sandoval-Ortiz knew he

was delivering cocaine.  This opinion was offered in response to
Sandoval-Ortiz's suggestion that he was an innocent bystander
just passing a bag.  This was a rational inference based on
Garcia's personal participation and observations as an undercover
agent posing as a drug dealer.  See United States v. Miranda, 248
F.3d 434, 441 (5th Cir. 2001) (special agent investigating
conspiracy allowed to testify regarding his opinions concerning
meaning of code words used in drug ring based on personal
perceptions).

Even if the district court erred in permitting Officer
Garcia's testimony, the error is harmless.  Officer Garcia's
statement constituted only a small portion of the Government's
case.  There was ample circumstantial evidence of Sandoval-
Ortiz's guilty knowledge.  See United States v. Washington, 44
F.3d 1271, 1283 (5th Cir. 1995)(any error in admitting opinion
testimony harmless because government presented overwhelming
evidence establishing defendant's guilt).  Mendoza stated that
the man with the cocaine was in the alley, and Mendoza left the
Big 8 parking lot and drove to the alley.  Agent Hoff observed a
man from the house in the alley get into the rear of Mendoza's
car, and minutes later, Sandoval-Ortiz was observed by Garcia in
the rear of the car holding a bag containing two bricks of
cocaine.  Garcia asked about the third kilo, and Sandoval-Ortiz
said, "That's all there is."  When Garcia asked him about the
quality, Sandoval-Ortiz nodded his head indicating to Garcia that

the quality was good.  These are the facts that the Government focused on in its closing argument.  The prosecutor did not even mention Garcia's statement regarding Sandoval-Ortiz's knowledge in closing argument.  Sandoval-Ortiz has failed to demonstrate reversible error.

For the first time on appeal, Sandoval-Ortiz argues that the penalty scheme in 21 U.S.C. § 841(a) and (b) is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Sandoval-Ortiz concedes that his argument is foreclosed by United States v. Slaughter, 238 F.3d 580, 582-84 (5th Cir. 2000), but he states that he is raising the issue in order to preserve it for Supreme Court review.  In Slaughter, 238 F.3d at 581-82, we rejected a broad, Apprendi-based attack on the constitutionality of §§ 841(a) and (b) and 846.  We held that there is "nothing in the Supreme Court decision in Apprendi which would permit [this court] to conclude that 21 U.S.C. §§ 841(a) and (b), 846, and 860(a) are unconstitutional on their face."  Id. at 582. Sandoval-Ortiz's argument is foreclosed, as he so concedes. Accordingly, the district court's judgment is AFFIRMED.