United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41275
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO RIVERO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-118-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Eduardo Rivero was convicted of one charge of possession of more than 50 grams of methamphetamine with intent to distribute and sentenced to serve 292 months in prison and a five-year term of supervised release. Rivero argues that his sentence is unreasonable and that 21 U.S.C. § 841 is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000).

Rivero contends that his sentence is unreasonable because the district court relied too heavily upon the Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines and failed to give due consideration to the sentencing factors listed in 18 U.S.C. § 3553(a). We presume that the sentence is reasonable because it falls within the applicable guidelines sentencing range. See United States v. Alonzo, 435 F.3d 551, 553 (5th Cir. 2006). Rivero has not shown error in connection with the district court's decision to sentence him within that range. See United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Further, the record shows that the district court gave sufficient weight to the § 3553(a) factors at sentencing. See id. Accordingly, Rivero's argument that his sentence is unreasonable is unavailing. Rivero's contention that § 841 is unconstitutional is, as he concedes, foreclosed. See United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).

Rivero has shown no error in the district court's judgment. The judgment is AFFIRMED.